IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA, ROME DIVISION

```
DAN F. WESTPHALL,            :
                 Plaintiff   :
        vs.                  :
                             :    Civil Action No.
UNITED STATES OF AMERICA     :
INTERNAL REVENUE SERVICE     :
                 Defendant   :
```

**COMPLAINT FOR REFUND**

COMES NOW Dan F. Westphall, ("Westphall"), Plaintiff, in the above-styled case and shows to the Court as follows:

-1-

Dan F. Westphall is a resident of Georgia and at the time of the loss resided at 1025 Baxter Rd., Resaca, Geogia.

-2-

The Internal Revenue Service ("IRS"), as Defendant, may be served with the Summons by serving the Summons and a copy of the Complaint on the Civil Process Clerk at the office of the United States Attorney for the Northern District of Georgia, Richard B. Russell Building, 75 Spring Street, Suite 600, Atlanta, Georgia and by sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General at Washington, D.C. and a copy to the local office of the Internal Revenue Service, Peachtree St., Atlanta, Georgia.

-3-

This Court has jurisdiction under 28 USC § 1346(a)(l).

-4-

The Plaintiff has exhausted his administrative remedies in seeking a refund of the taxes paid by him from the Internal Revenue Service.

-5-

During the calendar year 2003, the Plaintiff had a theft loss under § 165(c)(3) of the Internal Revenue Code of 1986 as amended (the "Code").

-6-

Jurisdiction is proper in the United States District Court and this is a claim for refund of taxes paid pursuant to 26 USC 6672.

-7-

Venue in the United States District Court for the Northern District Of Georgia, Rome Division, is proper.

-8-

The theft loss occurred from the taking of the Plaintiff's property by an action that was illegal under the laws of the State of Georgia, USA, and San Jose', Costa Rica where the taking occurred.

-9-

The taking of Plaintiff's property was done with criminal intent by Thomas J. Jafek (the "Perpetrator").

-10-

The Plaintiff was the owner of the property that was stolen.

-11-

There is no reasonable prospect of Plaintiff recovering the property that was stolen.

-12-

The Plaintiff discovered and claimed the theft loss of his property in calendar year 2003.

-13-

The Plaintiff was the target and intended victim of the crime by the perpetrator, Thomas J. Jafek("Perpetrator").

-14-

The Perpetrator obtained property from the Plaintiff by making false representations regarding the use and investment of the Plaintiff's property.

-15-

The property that the Plaintiff lost as a result of the Perpetrator's theft and making false promises to the Plaintiff, resulting in Plaintiff transferring funds to the Perpetrator as follows:

(i)   On or about November 16, 2001 the Plaintiff invested $5,000.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica (National Bank of Costa Rica);

(ii)  On or about December 17, 2001, the Plaintiff invested $ 10,050.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica (National Bank of Costa Rica);

(iii) On or about February 15, 2002, the Plaintiff invested $ 60,000.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica (National Bank of Costa Rica);

(iv)  On or about March 14, 2002, the Plaintiff invested $ 134,000.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica National Bank of Costa Rica);

(v)   On or about May 17, 2002, the Plaintiff invested $ 2,500.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of

       the Perpetrator with the Banco Nacional de Costa Rica (National Bank of Costa Rica);

(vi) On or about June 17, 2002, the Plaintiff invested $ 2,500.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica (National Bank of Costa Rica);

(vii) On or about July 17, 2002, the Plaintiff invested $ 1,500.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica National Bank of Costa Rica);

(viii) On or about August 20, 2002, the Plaintiff invested $ 315,000.00 from account #02-11768 of Georgia Bank and Trust and deposited into account #200-20-031 002905-S of the Perpetrator with the Banco Nacional de Costa Rica (National Bank of Costa Rica);

(ix) The total amount of the Theft Loss is <u>$ 530,550.00.</u>

-16-

The Plaintiff duly filed his 2003 federal income tax return as a married person filing separately and claimed a Theft Loss deduction in the amount of $530,550.00 on his 1040 Federal Income Tax returns and claimed a refund with respect to said Theft Loss in

the amount of $154,010.00.  (A copy of the 1040 Tax Return for 2003 is attached as Exhibit "A").

-17-

On or about June 15, 2007 the Defendant denied in full Plaintiff's deduction for Theft Loss.  (Copy attached as Exhibit "B").

-18-

On or about July 23, 2007 the Plaintiff timely filed an appeal with the IRS with respect to the denial of the Plaintiff's Theft Loss. (Copy attached as Exhibit "C").

-19-

On October 17, 2008, the Internal Revenue Service ("IRS") denied the Plaintiff's Theft Loss deduction because in the opinion of the IRS Appeals Officer it did not meet the definition of theft loss under Section 165 of the Internal Revenue Code of 1986, as amended (the "Code") because the loss was deemed to be a capital loss because the Plaintiff had not proven that the Perpetrator had been indicted and convicted of the crime which resulted in the Theft Loss.  (Said denial is attached hereto as Exhibit "D").

-20-

On or about May 11, 2010, the Plaintiff, by and through his Certified Public Accountant ("CPA") filed Form 1040X amending his 2003 Federal Income Tax return and claiming a theft loss as a

result of the verdict of Final or Definitive Stay of Proceeding (the "Verdict") convicting the Perpetrator of the crime of fraud by the San Jose' Court of Costa Rica.  (The 1040X is attached as Exhibit "E", the Verdict is attached as Exhibit "F" and the transmittal letter is attached as Exhibit "G".

-21-

In late May or early June 2010, the Plaintiff's CPA was verbally notified that the IRS would not consider the refund claim of the Plaintiff and that the Plaintiff should file suit if he desired to have his claim considered by the IRS.

-22-

On or about July 22, 2010, the Plaintiff submitted to the IRS a Qualified Offer, pursuant to §§7430(c)(4) and (5) of the Code to settle his claim of a Theft Loss and refund in the amount of $154,010.00.  (A copy of the Qualified Offer is attached as Exhibit "H").

-23-

The Perpetrator intended to and did in fact perpetrate the crime of fraud against the Plaintiff.

-24-

The sum of $530,550.00 was stolen from the Plaintiff by Thomas J. Jafek.

-25-

The Plaintiff has prosecuted a criminal action in Costa Rica against Thomas J. Jafek.

-26-

The sum of $530,550 was paid to Thomas J. Jafek to purchase a limited partnership interest in Green Development Company which partnership interest was never delivered to the Plaintiff.

-27-

As of the date of filing this Complaint, the IRS has not responded in writing to the Plaintiff's claim for refund based upon the verdict of the Costa Rica Court or Qualified Offer.

**COUNT I**

**THEFT LOSS**

-28-

The Plaintiff re-alleges the facts set forth in paragraph 1 to 27 of the Complaint as if fully set forth herein.

-29-

The Plaintiff has incurred a Theft Loss under §165 of the Code in the amount of $530,550.00.

**COUNT II**

**ATTORNEY FEES AND EXPENSE OF LITIGATION**

-30-

The Plaintiff re-alleges paragraph 1 to 29 of the Complaint

as if fully set forth herein.

-31-

The Plaintiff has made a Qualified Offer to settle this matter within §§ 7430(c)(4) and (G) of the Code which the IRS did not accept and the Plaintiff is entitled to recover attorney's fees, reasonable litigation and administration cost.

-32-

The Plaintiff request a jury trial.

Wherefore the Plaintiff prays for the following relief:

    (a) A refund in the amount of $154,010.00 as a result of the Theft Loss in the amount of $530,550.000 or such greater amount as may be legally refundable;

    (b) Interest on said refund at the applicable rate and amount since the date of the filing of the 2003 Federal Income Tax return; and

    (c) Attorney's fees, reasonable litigation and administration cost in an amount to be proved at trial.

Respectfully submitted this the 22nd day of September, 2010.

                              H.   GREELY JOINER, LLC

                              By: */S/* H.  Greely Joiner, Jr.
                                    Georgia Bar No.  397300
                                    Attorney For Plaintiff

P.  O.  Box 988
Dalton, GA 30722-0988
Telephone:  706 277-4000
Fax: 706 277-4004
gj@lglsolutions.com

```
              IN THE UNITED STATES DISTRICT COURT

       FOR THE NORTHERN DISTRICT OF GEORGIA, ROME DIVISION

DAN WESTPHALL,                  :

              Plaintiff         :

       vs.                      :

                                :     Civil Action No.

UNITED STATES INTERNAL          :
REVENUE SERVICE                 :

              Defendant         :
```

### **CERTIFICATE OF COMPLIANCE WITH LR 5.1 (B)**

This is to certify that the foregoing pleadings, COMPLAINT FOR REFUND", was prepared using Courier New 12 point font in accordance with LR 5.1(B).

This 22nd day of September, 2010.

                                          H. GREELY JOINER, LLC

                                          By: */S/* H. Greely Joiner, Jr.
                                               Georgia Bar No. 397300
                                               Attorney For Plaintiff

P. O. Box 988
Dalton, GA 30722-0988
Telephone: 706 277-4000
Fax: 706 277-4004
gj@lglsolutions.com